## M. F. REID *v.* DAVID PRYSE.

[Abstract Kentucky Law Reporter, Vol. 7—527.]

### Grantee of Real Estate Bound by Notice of Other's Rights.

The heirs and their grantee knowing that the ancestor had sold his real estate are bound by such information and such a grantee of the ancestor can not be deprived of his title.

APPEAL FROM LEE CIRCUIT COURT.

January 21, 1886.

OPINION BY JUDGE PRYOR:

It is not material in considering this case whether the writing executed by Samuel Beatty, if so, be called a deed or bond, as in either case the title passed to David Pryse, and the appellant who

purchased from the heirs of Samuel Beatty acquired no title if he had knowledge of the purchase by Pryse. While the legal title passed to the heirs of Samuel Beatty the equity was in Pryse and he could defeat the recovery by the heirs, and also the recovery by a purchaser from them with notice of the Pryse title.

The execution of the deed or bond by Samuel Beatty is clearly shown by his own son, and this and the consideration expressed is shown to have been paid. J. M. Beatty says he saw the notes that Pryse held on his father in the latter's possession. It is perfectly manifest that Pryse made the purchase and paid the consideration. David Pryse swears that he exhibited to the appellant the evidence of his title before the appellant made the purchase; that he read the deed and stated that he (Reid) had no idea of making the purchase.

Reid, it is true, states that when he made the purchase he had no knowledge of the claim of Pryse; still he was the personal representative of Samuel Beatty, was his grandson, had free access to his papers, and in making his purchase paid to the heirs a mere nominal sum for their interest. Twelve dollars to each heir was the consideration to be paid by which he acquired five-sevenths of one-third of several thousand acres of land, a portion of which lies near the town of Beattyville. It was certainly a chancing bargain on his part and shows that neither himself nor his vendors had any faith in their title. The small price paid or agreed to be paid evidences his knowledge of the want of title, and the testimony of Pryse makes the question of notice as to his title complete. The appellant had every opportunity to know what had transpired. Some of the heirs of Beatty knew of the sale and saw the writing signed under which Pryse now claims. While mere facts would put the appellant on inquiry as to the title, they would not affect his right, as against Pryse, his deed having been recorded before that of Pryse; still the testimony of Pryse, connected with the trifling consideration paid for the land by Reid, leaves but little doubt that he had notice of the deed to Pryse, and the chancellor acted properly in dismissing his petition.

Judgment *affirmed*.

*Wheeler, Mahan & Gourley, for appellant.*

*Lilly & Son, for appellee.*